UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREU TOBIAS,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>FEDERAL GOVERNMENT,<br><br>　　　　　　　Defendant. | CASE NO. C19-2017JLR<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE |

## I.　INTRODUCTION

Before the court are (1) *pro se* Plaintiff Andrew Tobias's complaint (Compl. (Dkt. # 1-2[1])) and (2) Magistrate Judge Brian A. Tsuchida's order granting Mr. Tobias *in forma pauperis* ("IFP") status and recommending that the court review Mr. Tobias's action pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 2) at 1). Under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints and must dismiss them

//

---
[1] The complaint also appears at Dkt. No. 4.

ORDER - 1

if "at any time" it is determined that a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (clarifying that "section 1915(e) applies to all [IFP] complaints," not just those filed by prisoners). As discussed below, Mr. Tobias's complaint falls within the category of pleadings that the court must dismiss.

## II. BACKGROUND

On December 9, 2019, Mr. Tobias filed a motion for leave to appear *in forma pauperis* and a proposed complaint. (IFP Mot. (Dkt. # 1); Compl.) The next day, Magistrate Judge Tsuchida granted Mr. Tobias IFP status, and Mr. McWhortor's proposed complaint was filed on the docket. (IFP Order; Compl.)

In his complaint, Mr. Tobias purports to sue the "Federal Government." (*See* Compl. at 1.) Although difficult to decipher, Mr. Tobias's complaint appears to allege that the federal government is spying on him. (*See* Compl. at 5.) An "exhibit" attached to the complaint consists of several pages of photographs of vehicles, followed by several pages of undecipherable grammar, allegations of spying and aliens, and repeated use of the "n" word. (*See generally* Exhibit (Dkt. # 1-3).) Additionally, Mr. Tobias lists the "Federal Government" as the defendant without stating that he is bringing suit against any federal officials. (*See generally* Compl.)

//

//

//

## III. ANALYSIS

**A.  Dismissal Under 28 U.S.C. § 1915(e)(2)(B)**

Section 1915(e)(2)(B) of Title 28 authorizes a district court to dismiss an IFP complaint "at any time" if the court determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6).  *Lopez*, 203 F.3d at 1126-27.  The complaint therefore must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  An IFP complaint must contain factual allegations "enough to raise a right to relief above the speculative level." *Id.* at 555.  An IFP complaint must also comply with the pleading requirements of Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(1)(2).  Although Rule 8's pleading standard does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Even liberally construed, Mr. Tobias's factual allegations are wholly inadequate to plausibly establish the liability of a defendant and or raise Mr. Tobias's "right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.  There is no way for the court to discern the nature of Mr. Tobias's claims, or even who he intends to sue, based on his complaint.  Any such attempt would be mere speculation.  Mr. Tobias's complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable

the opposing party to defend itself effectively." *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Mr. Tobias's complaint fails to accomplish this requirement. Although his complaint need not include detailed factual allegations, in order to overcome the foregoing deficiencies, he must allege sufficient factual matter to place a defendant on notice of what his claims are and the grounds upon which they rest. *Twombly*, 550 U.S. at 555-56. Because Mr. Tobias fails do so, the court concludes that Mr. Tobias's complaint fails to state a claim, and the court dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(2).

**B.     Leave to Amend**

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless "it is absolutely clear" that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Thus, the court grants Mr. Tobias 14 days to file an amended complaint that properly addresses the pleading deficiencies identified herein and any other pleading deficiencies. If Mr. Tobias fails to timely comply with this order or fails to file an amended complaint that remedies the aforementioned deficiencies, the court will dismiss his complaint without leave to amend.

### IV.     CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Tobias's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). The court, however, GRANTS

//

//

Mr. Tobias leave to file an amended complaint that meets the federal court pleading requirements within 10 days of the filing date of this order.

Dated this 13th day of December, 2019.

JAMES L. ROBART
United States District Judge